IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-mc-80637-WPD/WM

4DEMAND, LLC, MONICA J.
BRESLOW, and ROBERT BRESLOW,

    Petitioners,

v.

G4S SECURE SOLUTIONS, INC.,

    Respondent.

_____/

FILED BY ____KJZ____ D.C.

Jun 17, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PETITIONERS' MOTION TO COMPEL [DE 1]

THIS CAUSE came before the Court on Petitioners' Motion to Compel Compliance with Subpoena to Produce Documents by Respondent, G4S Secure Solutions, Inc. [DE 1]. Respondents, G4S Secure Solutions, Inc., filed its response [DE 8], and Petitioners filed a reply [DE 11]. The Court held a hearing via Zoom video teleconference (VTC) on June 16, 2020, at which time it orally denied the Motion for several, independent reasons. This written Order follows.

### I.   INTRODUCTION

    a.   The Crandall Matter pending in the Northern District of Illinois

The instant miscellaneous action filed in the Southern District of Florida seeks to enforce a subpoena issued in relation to litigation pending in the Northern District of Illinois (*Shelliene D. Crandall v. 4Demand, LLC, Monica J. Breslow, and Robert Breslow*, Case No. 17-CV-04185). In the N.D. Ill. litigation, Monica and Robert Breslow, and 4Demand LLC ("Petitioners"), filed counterclaims against a former employee, Shelliene Crandall, who is now employed by Respondent, G4S Secure Solutions, in Florida. The counterclaims allege breach of contract based on provisions in

Crandall's employment agreement, breach of fiduciary duty, tortious interference, and conversion.

    b. The Subpoenas

On April 19, 2018, Petitioners served a subpoena, issued by the U.S. District Court for the Southern District of Florida, upon Respondent via certified mail. [DE 1-2]. That subpoena requested numerous categories of documents relating to the relationship between Crandall and G4S Secure Solutions. *Id*. Many of these documents were previously produced by Respondent. [DE 1-3]. However, Respondent objected to Request One, which sought:

> "All documents referring or relating to conversations or communications between G4S and Crandall related to Crandall's employment with G4S or any point of sale to bank cash flow operation or solution from the point of sale to a bank suggested by Crandall."

*Id*. According to Petitioners, negotiations continued in some form until late 2019. Then, on January 30, 2020, Petitioners re-served an identical subpoena upon Respondents. [DE 8-3]. Like the first Subpoena, this too was issued by the U.S. District Court for the Southern District of Florida.

    c. The Motion to Compel

In the underlying Motion to Compel [DE 1], Petitioners seek to compel production of communications between Crandall and Respondent, specifically:

> "Communications between Shelliene D. Crandall, on the one hand, and anyone from G4S, on the other hand, from January 1, 2016, until April 14, 2017."

*Id*. Petitioners seek this evidence to support their counterclaims against Crandall.

Respondent asserts numerous procedural and substantive challenges to the Motion. First, Respondent argues that the Motion is untimely. Second, Respondent argues that the Motion impermissibly modified the scope of the subpoenas which it seeks to enforce. Finally, Respondent argues that the evidence-sought is irrelevant, overbroad, and confidential.

## II.    LEGAL ANALYSIS AND DECISION

After careful review of the Motion, response, reply, counsels' arguments at the June 16, 2020 hearing, and entire record, and for the reasons stated on the record at the June 16, 2020 hearing, it is hereby **ORDERED and ADJUDGED** that the Motion is **DENIED** for the following independent reasons:

a. Untimeliness under S.D.Fla.L.R. 26.1(g)(1)

The Subpoena at issue in this case was served on April 19, 2018. [DE 1-2]. Although Petitioners served a second Subpoena on January 30, 2020 [DE 8-3], it is merely a re-issued duplicate of the first Subpoena. Respondent produced documents in response to the first subpoena in May, 2018, and again on February 18, 2020. The current Motion was filed on April 14, 2020.

It is therefore apparent that Petitioners' Motion to Compel fails as it is untimely under Local Rule 26.1(g)(1), which provides:

> "all disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion. The thirty (30) day period set forth in this rule may be extended once for up to seven (7) additional days by an unfiled, written stipulation between the parties, provided that the stipulation does not conflict with a Court order."

*Id*. "This Rule was designed to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and *not held until shortly before the close [of] discovery* or the eve of trial." *Higgs v. Costa Crociere S.P.A. Co.*, 2015 WL 5915789, at *1 (S.D. Fla. Oct. 9, 2015) (emphasis added).

In this case, Respondent produced documents in response to the first subpoena in May, 2018, and

then again on February 18, 2020; however, the Motion to Compel was filed on April 14, 2020. Accordingly, the Motion is untimely by either approximately 700 days from the response to the first Subpoena, or by 56 days from the response to the second Subpoena. The Court finds that Petitioners have not made a showing of good cause for the delay in bringing the present Motion. Indeed, discovery in the underlying litigation in the Northern District of Illinois closed on February 28, 2020. *See Shelliene D. Crandall v. 4Demand, LLC, Monica J. Breslow, and Robert Breslow*, Northern District of Illinois Case No. 17-CV-04185, Docket Entry # 75 (October 31, 2019 Minute Entry stating that fact discovery is to conclude by February 28, 2020, "final extension.").

Parties are not permitted to sit on a discovery dispute for a lengthy period of time and then spring it on the Court at the last minute. In this case, Petitioners were dilatory in their effort to enforce the Subpoena and the Court will not reward them for such unnecessary delay. There is simply no excuse for waiting until 2020 to seek to enforce a Subpoena issued in 2018. And, since the second subpoena issued in 2020 is a mere duplicate of the first Subpoena, it does nothing to advance Petitioners' position. Thus, the Motion is untimely, and due to be denied for this reason alone. However, there are additional reasons which require that Petitioners' Motion be denied.

    b.  <u>Both Subpoenas were Defectively Issued and are Facially Invalid</u>

Second, the Motion—and the subpoenas which it seeks to enforce—runs afoul of Federal Rule of Civil Procedure 45(a)(2), which provides that: "A subpoena must issue from the court where the action is pending." In this miscellaneous Southern District of Florida subpoena enforcement proceeding, the underlying civil action is pending in the Northern District of Illinois. The "action," that is, the underlying lawsuit, is not pending in the Southern District of Florida. However, both subpoenas were issued from the Southern District of Florida. [DEs 1-2; 8-3].

Petitioners' counsel signed both subpoenas and used the authority of this Court; however this

Court is not where the action is pending. Thus, pursuant to the plain, mandatory language of Rule 45(a)(2), the subpoenas are defective and facially invalid. At the June 15, 2020 hearing, Petitioners' counsel acknowledged this defect in both subpoenas, but asked the Court to overlook it, which the Court simply cannot do.

This Court cannot and will not enforce an invalid, defective Subpoena. Thus, the Motion, which seeks to enforce the two defective subpoenas, is also due to be denied on this basis.

    c.  <u>Granting Petitioners' Motion Would Interfere with the Litigation Pending in the N.D. Illinois</u>

Third, the Court finds that granting the Motion would infringe upon the rulings and scheduling of Judge Young B. Kim in the Northern District of Illinois. Judge Kim ordered that fact discovery conclude on February 28, 2020, with no further extensions allowed. *See* N.D. Ill. Case No. 17-CV-04185, Docket Entry # 75, *supra*; *see also* N.D. Ill. Local Rule 16.1(4), which states, "[i]n cases subject to this Standing Order, the court will, at an appropriate point, set a discovery closing date. Except to the extent specified by the court on motion of either party, discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order."

Petitioners seek to have this Court in the Southern District of Florida order the production of discovery for litigation pending in the Northern District of Illinois despite the fact that discovery is closed in the underlying action. This the Court will not do, as it would interfere with the authority of the Northern District of Illinois, and it would disrupt that Court's case management of the underlying action. The Amended Fed.R.Civ.P. 45 seeks to alleviate these very issues. *See Moon Mountain Farms, LLC v. Rural Comm. Ins.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (collecting cases where the ancillary district court transferred a motion to enforce a subpoena because ruling on it risked inconsistent rulings that might disrupt management of the underlying litigation).

This too represents a further independent reason to deny the Motion. If Petitioners believe the discovery they seek is important to their case, they can certainly move in the Northern District of Illinois to request that the Court there re-open discovery for that purpose. However, this Court will not usurp the authority of the underlying Court and disrupt that Court's case management.

d. <u>Petitioners' Motion to Compel Seeks a Different, and Broader, Category of Documents Than Stated in the Subpoena</u>

Finally, the Motion impermissibly seeks to modify the scope of the documents sought by the subpoenas. The subpoenas requested

> "All documents referring or relating to conversations or communications between G4S and Crandall related to Crandall's employment with G4S or any point of sale to bank cash flow operation or solution from the point of sale to a bank suggested by Crandall."

In contrast, the present Motion seeks any and all documents showing "Communications between Shelliene D. Crandall, on the one hand, and anyone from G4S, on the other hand, from January 1, 2016, until April 14, 2017." Thus, Petitioners Motion to Compel seeks different, and broader, documents than demanded in the Subpoena. To that end, while the Motion does limit the scope of the documents by time, it removes the Subpoena's limit on the type of communications sought. This also represents a basis on which to deny the Motion. *See Burgess v. Whitehead*, 2019 LEXIS 16083 (M.D. Fla. Jan. 30, 2019) (denying motion to compel where the requests as described in the motion did not align with the wording of the actual requests). A motion to compel cannot be used as a vehicle to broaden a subpoena in an effort to obtain different documents or a broader set of documents.

For the foregoing reasons, the Motion to Compel [DE 1] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 17th day of June, 2020.

*[signature: William Matthewman]*
Honorable William Matthewman
United States Magistrate Judge